## HALL & BEIN vs. HENDERSON.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Defendant's domicil is in the parish where he has resided permanently, notwithstanding his removal to New Orleans with the view to the commission business, and actually opening a commission house.

This is an action on a promissory note for $1573 45, signed John Henderson & Co., dated at Warrenton, (Miss.) 30th March, 1839, payable the 1st of May following to the order of plaintiffs. They allege that the defendant, William Henderson, is a partner of said firm, and resides at present in New Orleans, and they pray judgment for the amount of said note, interest and costs of protest.

The defendant pleaded his domicil and averred that his residence was in the parish of Carroll. The cause was tried on these pleadings and issues, and also on the evidence taken in the preceding case of Williams vs. Henderson.

There was judgment for the plaintiffs, and the defendant appealed.

*Wray*, for the plaintiffs.

*Emmerson*, contra.

*Simon, J.* delivered the opinion of the court.

This is a suit on a promissory note of hand. The defen-

EASTERN DIS.
May, 1841,

HALL & BEIN
vs.
HENDERSON.

dant declined the jurisdiction of the lower court, on the ground that his domicil and principal establishment are in the parish of Carroll and not in the parish of Orleans, and that he ought to have been sued in the ninth judicial district court for the parish of Carroll. This declinatory exception was overruled, and the defendant having answered to the merits by pleading the general issue, there was judgment against him, from which he appealed.

The contest in this case being the same with that in the case of *Williams vs. Henderson,* lately decided by this court, (*ante* 557) as to the question of domicil; both counsel have agreed to submit it without argument, referring us to the testimony taken on the exception in the said case of Williams vs. Henderson, to be applied to the declinatory exception in this suit. This is the same evidence on which the question of jurisdiction was submitted to the court below; it ought to be governed by the same principles and reasoning, and our conclusion must consequently be the same.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed; that the declinatory exception filed by the defendant be sustained, and that this suit be dismissed; the plaintiff and appellee paying the costs in both courts.